1    McGREGOR W. SCOTT
     United States Attorney
2    KATHERINE E. SCHUH
     Assistant United States Attorney
3    2500 Tulare Street, Suite 4401
     Fresno, CA 93721
4    Telephone:  (559) 497-4000
     Facsimile:   (559) 497-4099
5

6    Attorneys for Plaintiff
     United States of America
7

8                        IN THE UNITED STATES DISTRICT COURT
9
                         EASTERN DISTRICT OF CALIFORNIA
10

11   UNITED STATES OF AMERICA,                  CASE NO.  1:19-CR-00161-DAD-BAM

12                          Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                                 AND ORDER

14   HECTOR MANUEL GOMEZ-RODRIGUEZ,             DATE: May 11, 2020
     MUCIO ALEJANDRO GOMEZ-RODRIGUEZ            TIME: 1:00 p.m.
15                                              COURT: Hon. Barbara A. McAuliffe
                            Defendant.
16

17
             This case is set for a status conference on May 11, 2020.  On April 17, 2020, this Court issued
18
     General Order 617, which suspends all jury trials in the Eastern District of California scheduled to
19
     commence before June 15, 2020, and allows district judges to continue all criminal matters to a date
20
     after June 1.  This and previous General Orders were entered to address public health concerns related to
21
     COVID-19.
22
             Although the General Orders address the district-wide health concern, the Supreme Court has
23
     emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
24
     openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
25
     *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
26
     exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
27
     509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
28
     judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

                                                          1
     STIPULATION REGARDING EXCLUDABLE TIME
     PERIODS UNDER SPEEDY TRIAL ACT

1    or in writing").

2         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

3    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

4    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

5    the ends of justice served by taking such action outweigh the best interest of the public and the

6    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

7    "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

8    ends of justice served by the granting of such continuance outweigh the best interests of the public and

9    the defendant in a speedy trial."  *Id.*

10        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

11   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

12   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

13   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

14   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

15   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

16   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

17   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

18   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

19        In light of the societal context created by the foregoing, this Court should consider the following

20   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

21   justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

22   for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

23   continuance must be "specifically limited in time").

24                                        **STIPULATION**

25        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

26   through defendant's counsel of record, hereby stipulate as follows:

27

28   _____
         [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

1.        By previous order, this matter was set for status on May 11, 2020.

2.        By this stipulation, defendant now moves to continue the status conference until October 13, 2020, and to exclude time between May 11, 2020, and October 13, 2020, under Local Code T4.

3.        The parties agree and stipulate, and request that the Court find the following:

a)        The government has represented that the discovery associated with this case includes investigative reports, video evidence, trail camera photographs, and an environmental report. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)        Counsel for defendants desires additional time consult with their clients, review discovery, conduct additional investigation, and negotiate a resolution with the government.

c)        Counsel for defendants believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)        The government does not object to the continuance.

e)        In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defense counsels' limited access to their clients is inhibiting requires significant additional time to convey discovery to their clients, and to consult with and review discovery and other case matters with their clients primarily by telephone.

f)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 11, 2020 to October 13, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  May 6, 2020                            McGREGOR W. SCOTT
                                               United States Attorney


                                               /s/ KATHERINE E. SCHUH
                                               KATHERINE E. SCHUH
                                               Assistant United States Attorney


Dated:  May 6, 2020                            /s/ James Homola
                                               James Homola
                                               Counsel for Defendant
                                               HECTOR MANUEL GOMEZ-
                                               RODRIGUEZ


Dated:  May 6, 2020                            /s/ David Arredondo
                                               David Arredondo
                                               Counsel for Defendant
                                               MUCIO ALEJANDRO
                                               GOMEZ-RODRIGUEZ


## **ORDER**

IT IS SO ORDERED that the Status Conference is continued from May 11, 2020 to **October 13, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:    **May 6, 2020**                      /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4